UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LONDON FINNEGAN,<br><br>                             Plaintiff,<br><br>            -against-<br><br>PALM BEACH COUNTY ANIMAL CONTROL,<br><br>                             Defendant. | 1:22-CV-3006 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff London Finnegan, of New York, New York, who appears *pro se*, asserts claims under the Court's diversity jurisdiction against Palm Beach County Animal Control ("PBCAC"), of West Palm Beach, Palm Beach County, Florida. For the reasons discussed below, the Court transfers this action to the United States District Court for the Southern District of Florida.

Under the applicable venue statute, 28 U.S.C. § 1391(b), a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property this is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the federal judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any federal judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 § 1391(c)(1), (2).

Plaintiff names PBCAC, of West Palm Beach, Palm Beach County, Florida, as the sole defendant in this action. Because Plaintiff does not allege that PBCAC resides within this federal

judicial district,[1] this court is not a proper venue for this action under Section 1391(b)(1). Because PBCAC resides in Palm Beach County, Florida, within the Southern District of Florida, *see* 28 U.S.C.§ 89(c), however, the United States District Court for the Southern District of Florida is a proper venue for this action under Section 1391(b)(1).

While Plaintiff does not specify where the events or omissions giving rise to the claims occurred or where the property at issue is situated, those events may have occurred, and the property at issue (a seized animal) may be situated, in Palm Beach County, Florida, in the Southern District of Florida. *See* § 89(c). Because Plaintiff does not allege any facts showing that a substantial part of the events or omissions giving rise to the claims arose in this federal judicial district or that the property at issue is situated in this federal judicial district, however, this court is not a proper venue for this action under Section 1391(b)(2). To the extent that the events giving rise to the claims occurred, and the property at issue is situated, in Palm Beach County, Florida, the United States District Court for the Southern District of Florida appears to be a proper venue for this action under Section 1391(b)(2).

Accordingly, because the United States District Court for the Southern District of Florida is a proper venue for this action under Section 1391(b)(1), and perhaps, under Section 1391(b)(2), and because Plaintiff has not alleged any facts showing that this court is a proper venue for this action, this Court transfers this action to the United States District Court for the Southern District of Florida. *See* 28 U.S.C. § 1406(a).

---

[1] This federal judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (Borough of Manhattan), (2) Bronx (Borough of the Bronx), (3) Westchester, (4) Dutchess, (5) Rockland, (6) Orange, (7) Putnam, and (8) Sullivan. 28 U.S.C. § 112(b).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Southern District of Florida. 28 U.S.C. § 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 18, 2022
         New York, New York

                                                  /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                                  Chief United States District Judge